Allen *v.* Bodine.

---

Same Term. *Maynard, Welles, and Selden,* Justices.

## Allen *vs.* Bodine.

The right of counsel, cross-examining a witness, to inquire into collateral facts, with a view to discredit the witness, is in the discretion of the court; and the question is to be decided by the judge upon all the circumstances appearing before him.

The decision of the judge at the circuit, upon that question, is conclusive, and can not be the foundation of an application for a new trial; except in a clear case of abuse of the judge's discretion.

Allen *v.* Bodine.

MOTION by the defendant for a new trial. The action was assumpsit, tried at the Cayuga circuit in February, 1846. The action was brought to recover the amount of a promissory note made by the defendant and one William Smith, payable to Silas Beardsley or bearer, for five hundred dollars, six months after date, with interest, and dated November 30, 1838. Smith had been discharged from his debts under the United States bankrupt law. The defence set up was usury. It was claimed on the part of the defendant that the note in question was given to secure a loan made by the payee to the maker Smith, and that as a condition of the loan, Smith was to pay, and did pay, to the payee, $25 beyond the legal rate of interest. On the trial Smith was sworn as a witness for the defendant, and testified to the usurious contract. On the part of the plaintiff, Beardsley, the payee, was introduced and sworn as a witness, and denied the usury. He was corroborated in his statements, to some extent, by his daughter Sally Ann Beardsley, another witness for the plaintiff, who it appeared was present during most of the negotiation for the loan. The testimony of the witness Smith was clear and positive, and was corroborated by statements which he testified were made, at the time of the transaction, in his cash book. That of Beardsley was less positive in detail. He evidently testified with much caution. It appeared from his evidence, that at the time the note in question was given, he paid Smith about half of the amount, being all the money he had by him at the time, and gave his notes for the remainder, payable in a short time. In his testimony he said, " There was no agreement or understanding that I was to have more than seven per cent; that he did not pay me back any money at that time, to my recollection ; the money I paid him and my note made $500. I paid him the whole of that note and the interest. After I paid Smith the money on that note, he said I had been to trouble in getting the money for him, and he would some time make me a present of $25. I think there was no agreement at the time. I believe I did not make any exaction of him. I think I should have remembered it, if it had been so. He did not pay me back money at that

Allen *v.* Bodine.

time, to my recollection. I should suppose I should recollect it, if he had." The counsel for the defendant asked the witness if Smith had been in the habit of making him presents on other loans before that? The plaintiff's counsel objected to the question, and· the circuit judge sustained the objection.

After the evidence was closed, the circuit judge charged the jury by first explaining to them what constituted a usurious agreement; and after recapitulating to them the testimony on both sides, stated that there was in the case the conflicting evi= dence of Smith on the one side and Beardsley and his daughter on the other side, as to the usurious agreement, and the paying' of the money back. That it was the exclusive province of the jury to judge of the testimony, and give it that weight it merited; and if, in their judgment, the preponderance of the testimony was in favor of the plaintiff, they would find for him for the amount which appeared to be due on the notes. On the contrary, if they thought the preponderance of the testimony was in favor of the defendant, and established the defense of usury, they would find for the defendant.

The jury returned a verdict in favor of the plaintiff for $736,71.

*A. Bascom* for the defendant.

*D. Andrus*, for the plaintiff.

*By the Court*, WELLES, J. I think the questions of fact were all fairly submitted to the jury. Whatever criticism the evidence of the witness Beardsley may be liable to, he was corroborated by his daughter, so far as her evidence went. It was exclusively a question for the jury; and I am not able to discover any misdirection. The only question that deserves serious consideration is whether the judge properly overruled the question put to Beardsley by the defendant's counsel, whether Smith had been in the habit of making him presents on previous loans. The only point of view in which that question could be regarded as material was by way of testing the witness on cross-examination. It certainly was entirely immaterial upon the issue, what had been done on previous loans, not connected

with the one which was then the subject of inquiry. If the question had been allowed to be answered, the defendant would not have been permitted to contradict the answer; as it related to a fact entirely collateral.

I have supposed that the right of the cross-examining counsel, to inquire into collateral facts with a view to discredit the witness, was always in the discretion of the court; and that the decision of the judge at the circuit was conclusive, and not to be the foundation of an application for a new trial, except in a clear case of abuse of that discretion. (1 *Greenl. Ev.* § 448, 449.)

Great latitude is sometimes permitted, where from the temper and conduct of the witness, or other circumstances, such course seems essential to the discovery of truth. It is nearly impossible to lay down a rule on this subject; as the question is always a matter of discretion with the judge, to be decided by him upon all the circumstances appearing before him. In the present case I can not discover such an abuse of discretion in disposing of the question by the circuit judge, as to warrant the interposition of this court.

I think a new trial should be refused.

Motion denied.

