By the Court. Duer, J.
We are asked to reverse this judgment solely upon the ground of the error which is specially assigned, namely, that the jurisdiction of the court below had ceased before the judgment was rendered, and the only question that we propose to consider is, whether, upon this ground, and *596 upon the record and proceedings before us, a reversal can be justly pronounced. The views that we have adopted, and shall proceed to explain, render it unnecessary to examine the pleadings which follow the special assignment, since whatever errors they may contain, it is plain, and is not denied ; that if the special assignment cannot be sustained, the judgment must be affirmed. We shall consider the case in the same manner as if the special assignment had been followed by a joinder in error, or by a demurrer.
The first inquiry must be into the nature and condition of the record upon which we are called to act; since, in all cases, except where an error of fact depending upon extrinsic proof is assigned, it is to the record, and those proceedings which properly constitute a part of the record, that the action of a court of errors must be limited, and the true and sole question which it is required to determine is, whether the judgment, which is the subject of review, is a legitimate conclusion from the premises which the record contains. Those premises are the process, pleadings, continuances, verdict of a jury where a verdict has been given, entry of default where it is upon a default that the judgment is rendered, return to a writ of inquiry of damages, in fine, all that must precede, and is necessary to warrant the jxidgment, and finally the judgment itself. It is true, that all these proceedings are not usually embraced in the return to a writ of error, but they all belong to the record, in the full sense of the term, and when they are omitted, if diminution is alleged, may be made a part of it. It is also true, that collateral and incidental proceedings in the progress of the suit, in the court below, have not unfrequently been brought up by a certiorari, and have sometimes been erroneously inserted in the transcript of the record, as originally returned, but it is to the proceedings that have been mentioned, as relevant to and connected with the final judgment, that the attention of the superior court can alone be properly directed, and it is upon' their sufficiency or insufficiency in law to sustain the judgment, that its affirmance or reversal must depend. It has been a rule of the common law, from the earliest time, that a writ of error brings up for review the record, and the record only, nor until *597 a bill of exceptions was given by statute, could the merits of a judgment be examined by any review of the actual proceedings upon a trial; those proceedings constituting no part of the record, in the legal sense of the term. (2 Saunders, 100, n. 1; 2 Bac. Ab. 450; Tidd’s Pr. 1052, 1094; People v. Dalton, 15 Wend. 587; Birdsall v. Phillips, 17 Wend. 467; Stone v. Mayor, &c., of New York, 25 Wend. 168.)
It is equally certain that the constituent parts of a record are thpse which we have stated, and, in a modern case, in which the advice of all the judges was sought by the House of Lords, they were enumerated as such by Chief Justice Tindal, with the = assent of all his brethren, and the same learned judge in a subsequent part of his opinion, stating the substance of the rule in a more condensed form, observed, that the pleadings, and the judgment proceeding thereon, formed the only grounds of the record, and, until a bill of exceptions was given by the second statute of Westminster, were alone the subject of revision by a superior court. (Mellish v. Richardson, 9 Bing. 126.)
It appears from the record which the court of common pleas has transmitted, in obedience to the writ of error, that the suit below, in which the present defendant was plaintiff, and the plaintiff in error defendant, was commenced by the service of a declaration; and the record contains: 1. A declaration upon promises, in which the damages are laid at $499. 2. The entry of a suggestion, that this declaration had been duly filed, and that a copy thereof, together with a notice, requiring the defendant to plead thereto, had been duly and personally served upon the defendant. 3. Continuance by imparlance to the third Monday of March, 1846, and an entry of the appearance of the plaintiff and defendant on that day. 4. An entry of the default of the defendant in not pleading, and judgment thereon, that the plaintiff ought to recover his damages, by occasion of the premises. 5. The award of the writ of inquiry of damages directed to the sheriff of the city and county of Hew York. 6. Return by the sheriff of the inquisition taken by him, by which the plaintiff was found to have sustained damages to the amount of $398 43, besides 6 cents for his costs and charges. 7. Final judgment, that the plaintiff recover the damages as aforesaid, *598 and also the sum of $23 14, for his costs of increase, the whole amounting to four hundred and twenty-one dollars and sixty-three cents, and concluding with a misericordia.
It seems impossible to deny that this is a perfect record, and includes all the proceedings necessary to show the due commencement and prosecution of the suit, and to warrant a final judgment; nor is it pretended that upon the face of this record any error is apparent. It is not pretended, that, under the general assignment of errors, any ground for the reversal of t]jie judgment can be stated. The ease, therefore, turns wholly, as we have already intimated, upon the special assignment of errors. That assignment, in substance, is, that the court of common pleas, before the rendition of the judgment, had ceased to have jurisdiction of the cause, inasmuch as the plaintiff in error was entitled to remove the same for trial into the circuit court of the United States for this district, and before that time had filed a petition for such removal, and had offered good and sufficient surety in the manner and form prescribed by the act of Congress, the judiciary act of 1189, whereupon it became the duty of the court to accept such surety, and proceed no further in the ease. In fewer words, the allegation is, that the court of common pleas erred in denying the prayer of the petition, and by such petition lost its jurisdiction.
In order to establish the existence of this error, the plaintiff, alleging diminution, has referred to and specified various proceedings, motions, rules, affidavits, and other papers, as remaining in the court below, and all of these, in compliance with his prayer in the assignment, have been brought before us, by a writ of certiorari.
The first question, therefore, which we have to consider is, whether all or any of these proceedings can now^ be referred to as legal evidence of the existence of the error upon which the plaintiff relies as warranting a reversal of the judgment; and without hesitation, we reply that we have no right to notice these proceedings at all, for any purpose whatever, unless, first, they are entirely consistent in the facts which they disclose, with the, record before us; nor, second, unless they are a proper supplement to the record, or more correctly, are constituent parts of a *599 record which as first returned was imperfect and defective. We must proceed, therefore, to inquire whether these necessary conditions are fulfilled in the proceedings which .the return to the certiorari has spread before us.
We have no wish to enlarge onr powers as a court of errors, by attempting to overthrow or evade the settled rules of law and pleading by which our jurisdiction is restricted and defined, and «certainly there are no rules more .completely established, and apon authority more unquestionable, than that no error can he .assigned wrhich is contrary to the record, nor can diminution he alleged in order to' bring before the court any process or proceeding which is inconsistent with the record originally returned. 'The contradiction or discrepancy may exist, but the eorn’t of errors cannot listen to its averment; the record transmitted by ¡the inferior court may be false, and the judges and other officers -of the court privy to its falsity, may be liable as criminals to punishment, but there is no mode by which, in the superior •court, the absolute verity of the record thus transmitted can he impugned. (1 Rolle’s Abr. 757; 4 Floyd v. Bitchell, Rolle’s R. 200; Cro. Jac. 579; Hibbert v. Wilde, 2 Lord Raym. 1414; Plumer v. Webb, Id. 1415, n.; Baker v. Thompson, Cases Temp. Hard. 166; Bradborne v. Taylor, 1 Wilson, 85; 2 Bac. Ab. by Gwillim, 489, 490; Fitz, N. B. 25 A. n. a.)
Let us then apply these rules to the case before us; the plaintiff alleges that he was .entitled under the act of congress to remove the cause to the circuit court of the United States, but it as certain that he was not so entitled, unless the amount in controversy .exceeded the sum -of $500, and hence he refers to the proceedings brought up by certiorari for the purpose of establishing this necessary fact. The averment, however, of this fact is a plain and palpable contradiction of the record as it stands, .and we cannot, therefore, listen, to any evidence of its truth. In ■the declaration which appears upon the record, the damages claimed are less than $500; .and as it -was upon this declaration that the court below rendered the judgment, we have no right to say that any other sum was in controversy than the damages which it claims. Hence, the objection that the error assigned is 6Con.tr.aij to the record, directlj applies, and is fetal to its allow *600 anee. The objection is not at all answered by the allegation, ■ that the declaration which now appears upon the record is an amended declaration, amended after the court had lost its jurisdiction, and that in the original declaration, as filed and served, the damages claimed greatly exceeded $500. In reviewing this judgment, we have no right to say, or know, that there ever has been any other declaration in the cause than that which appears upon the record; an amended declaration from the time of filing, supersedes the original declaration, and becomes the only declaration in the cause ; it is the only declaration to which the defendant is required to plead, and upon which the inferior court renders its judgment, and is, therefore, the only declaration which can be properly inserted in the record upon which the superior court is confined to act.
It is of no consequence what alterations by way of amendment, ’ may have been made by the inferior court, in its own record, previous to its transmission. The grounds and reasons of such alterations are not a subject of inquiry in the superior court, which is bound to consider the record actually transmitted, as the only document upon which its own judgment can be pronounced. It is here, and here only, that the errors which are assigned, if they exist at all, must be discovered.
The successive decisions of the common pleas, (3 Bing. 334,) of the king’s bench, (7 B. & Cress. 819,) and of the house of lords, (9 Bing. 125,) in Mellish v. Richardson, recognised and established this doctrine in the full extent in which it has been stated; and in Hart v. Seixas, (21 Wend. 40,) a ease much stronger than the present, it was not only explicitly approved by our supreme court as sound in principle, but without hesitation was adopted and followed. The original declaration on file in that case, and the only one of which a copy had been served on one of the defendants, was against two defendants only. But it was subsequently amended by inserting the name of a third defendant, and as the judgment below was rendered upon the declaration so amended, it appeared in the record transmitted as the only declaration in the cause. The plaintiffs in error, however, brought up the original declaration, and various other proceedings and papers, by a certiorari, and insisted that, as they *601 rendered it evident that the amended declaration had not been served, the variance between the original declaration and the judgment was a fatal error, which imposed upon the court a reversal of the judgment as a necessary duty. But the supreme court was far from assenting to this view of its province and its duty. It held, on the contrary, that it would take no notice whatever of the original declaration and other proceedings, which had been brought up by the certiorari, and this upon the distinct ground that they formed no part of the record upon which alone it was empowered to act. It held, that in determining the question, whether the judgment of the inferior court should be reversed or affirmed, it could only look into the pleadings and proceedings which were set forth in the record originally returned, and as no errors were there discovered, the judgment was affirmed.
Were it possible for us to hold, in the present case, in contradiction to the authorities which have been cited, that the original declaration was a pleading in the cause, and may be justly considered as a part of the record, which we are required to examine, it is manifest that its mere insertion in the record would not be alone sufficient to prove that the court of common pleas committed a fatal error in retaining its jurisdiction. It would only remove the objection that the error alleged is contrary to the record, but it would still remain to be shown, that the plaintiff in error had adopted the necessary steps for the removal of the cause before the declaration was amended, and that before that time the court of common pleas, in violation of the duty which the act of congress imposes, had rejected his application; and it is for the purpose of satisfying us that such are the facts, that he requires us to examine the proceedings and papers, notices, affidavits, rules, and orders, which by force of the certiorari he has brought before us. But his counsel has wholly failed to satisfy us, that as a court of errors, we can listen to this request; he has failed to satisfy us that in the rightful exercise of our present jurisdiction, we can found any decision upon the evidence which the return to the certiorari is alleged to furnish. The observations already made, prove that it is evidence which must be excluded from our consideration. We have already shown, that a court *602 of errors can only move within the circle which the record describes ; and we have shown what are the constituents of the record, to which it is confined. It follows that we cannot say, that the proceedings and papers which the certiorari has extracted from the-files of the court of common pleas, constitute in part the record of its judgment, without an abuse and a perversion of language, that would confound all the distinctions that hitherto have been known and observed; nor can we think it necessary to dwell upon the absurdity of supposing1 that a plaintiff or defendant in error, has an absolute discretion to swell the record, by the addition of any and all the incidental proceedings in the court below, aud thus impose upon the superior court the duty of searching and examining them all, with a view to the detection of some error, that may possibly affect the regularity of the judgment. It is, however, evident from the course that has been followed in this case, and in several others that are found in our reports, that the true nature and office of a certiorari have been greatly misunderstood, and that the party resorting to this process, has been thought by many to possess the absolute discretion that we have denied to him; but the supposition is in reality an utter and a serious mistake. The true and sole office of a certiorari, when issued, not as an original proceeding, but in aid of a writ of error, is not to enlarge the record by the addition of extrinsic matter, but to supply its defects by the insertion of that which properly belongs to it. It proceeds upon the supposition, that the whole record has not, in the first instance, been returned, and that the proceedings which it specifies and calls for are necessary to its completion; and the allegation of diminution, which ought in all cases to precede the prayer for the writ, is properly understood as an assertion of the existence of these facts. Hence, when the process is improperly used to bring before the superior court extrinsic and collateral proceedings, it becomes the duty of that court, as in Hart v. Seixas, wholly to reject them, and to proceed precisely in the same manner, as if no such writ had been issued or returned. It is true, that the explanation that has now been given, is not to be found or is obscurely stated in the ordinary books of practice. But when we ascend to the fountains of the law, to those early and *603 original authorities, which in these cases ought always to be consulted, we find that it is fully sustained ; and it is proper to add, that it entirely coiTesp>onds with the statutory provisions describing the office of a certiorari, which the revisers introduced, and are now the law. (Y Ed. 4, 25 ; Fitzherbert, N. B. 25 (a); Rasters En. 110; 5 Coke, 3Y; 2 Bac. Ab. 468, 9; 2 R. S. 599, § 45.) The misapprehension that has prevailed upon this subject, has doubtless arisen from the vague, indefinite manner in which the ordinary books of practice have spoken of the “ outbranches of £he record,” which are usually brought up by a certiorari; but these “ outbranches” are not, as has been supposed, detached collateral proceedings, but on the contrary, as the very metaphor that is used implies, they are such as belong to, and in the course of its natural growth spring from the record; and the office and effect of a certiorari, is to re-unite them to their parent trunk. It will be found, upon examination, that they are in all cases proceedings that must have preceded, and according to the nature of the action, were necessary to warrant the judgment. It is manifest that no such character can be attributed to the proceedings, that by force of the certiorari are now before us. At no time have they formed a part of the record according to the legal definition of the term, and they cannot be re-united to that to which they never belonged. As extrinsic proceedings, they are irrelevant to the case, and must be rejected from our consideration. We have no right to say that we have any judicial knowledge of the facts which they disclose, and as the record to which our action is limited, furnishes no evidence to sustain the error specially assigned, it is a necessary consequence, that the judgment of the common pleas must be affirmed. The demurrer which the defendant in error has interposed, may not be well taken in reference to the pleading to which it immediately relates ; but as the special assignment is bad, the first fault is imputable to the plaintiff, and hence the defendant, upon the pleadings considered as a whole, is entitled to the judgment that has been given.
There is a plausible objection, however, to the course of reasoning that we have followed, which remains to be stated and answered. Can it be doubted, it may be asked, that the want of *604 jurisdiction in the inferior court is a sufficient cause for the reversal of its judgment? Can it he doubted, that as such, it may be assigned for error in the superior court, and is it not a necessary consequence that the plaintiff in error is entitled to support the assignment by a reference to those proceedings in the court below, whether belonging to the record or not, which establishes its truth ? Is it not a legal contradiction to say, that the want of jurisdiction may be alleged, and yet the appropriate and necessary evidence of the fact be excluded ? These questions, it must be admitted, are sjoecious in their form, yet there is no difficulty in meeting them with a conclusive reply. It is undoubtedly true, that an inferior court, when it exercises a jurisdiction that does not belong to it, commits an error for which its judgment is liable to be reversed; but it is just as certainly true, when error is assigned for this cause, the existence of the cause must be established by the record, and cannot be established by any other species of proof. The error must be apparent in some form upon the record itself, or the superior court has no right to say that it exists. It is not assigned as an error of fact, to be sustained by extrinsic proof, documentary or parol, but as an error of law; and hence the question which it raises, as in all similar cases, must be determined solely by the inspection of the record. Uor is there the slightest hardship in this doctrine; since, in all cases, it is in the power of the defendant, when the inferior court retains its jurisdiction in opposition to his wishes and the law, to place the facts upon the record in such a form, as will enable him with certainty to procure a reversal of the judgment, and if he omit to do so, he has no right to complain that the superior court refuses to relieve him from the consequences of his neglect. It is not indeed necessary, in all cases, that the defendant should have pleaded to the jurisdiction in the court below, to entitle him to raise the objection in the superior court. It is only necessary, where the defect of jurisdiction is not otherwise apparent, and in this it is indispensable. There is a class of cases, in which, in order to give jurisdiction to the inferior court, the plaintiff is bound to aver the existence of particular facts; and another class, in which the jurisdiction depends upon the nature of the action, the subject matter of the suit; *605 and in both these classes, a plea to the jurisdiction is not required, since the defect, when it exists, must be apparent upon the record. Hor in these cases can the defendant be prejudiced by not excepting to the jurisdiction in the court below, for it is to these that the maxim applies, that even the consent of the parties cannot give a jurisdiction which the law denies. But there is another class of cases, in which the jurisdiction of the inferior court may be said to depend upon the election of the defendant; cases in which it depends upon extrinsic facts, which the court is not bound to notice, unless they are brought to its knowledge at a proper time, and in the proper form. It lies upon the defendant in these cases, to bring these facts to the knowledge of the court, when he desires to avail himself of their existence, and if he fail to do so by the appropriate plea, the omission is justly deemed a perpetual waiver of the exception. The rule which plainly embraces this class of cases, has prevailed from the earliest period of the law, and has never been questioned. A plea to the jurisdiction is in its nature a plea in abatement, and the rule is, that a plaintiff in error can take no advantage of any exception which he might have pleaded in abatement in the court below. He cannot assign that for error which he could so have pleaded, since (such is the language of Lord Holt) “ it will be accounted for his folly to neglect the time of taking the exception.” And we agree with this learned judge, that the omission of a technical defence is a species of folly that deserves no compassion, and is entitled to no relief. (Lord Holt, in Coan v. Bowles, Carthew 124; see also Thoroughgood v. Scrogs, Cro. Eliz. 582; Salkeld v. Lord Howard, Cro. Jac. 547; Salkeld, 4, pl. 10; 1 Strange 177; Rolle’s Ab. 781; 2 Bac. Ab. 492.)
It is manifest, that the present case belongs to the class of those in which the defendant has an option to admit or deny the jurisdiction of the court, and consequently in which he is bound to plead to the jurisdiction, if he wishes to place the facts upon the record so as to make the decision of the court in favor of its jurisdiction a subject of review upon a writ of error. As the case now stands, nothing appears upon the record to create a doubt as to the jurisdiction of the court below. It contains no evidence that this jurisdiction has ever been denied, nor conse *606 quently that any decision in its affirmance has ever been made; even the proceedings that have been brought up by. the certiorari, were it possible for us to consider them as part of the record, afford no evidence of such a decision by the coiu’t. They only prove that an application for the removal of the cause was made to, and was denied by, a single judge at chambers. They do not prove that there was any appeal from his decision to all the judges at a general term. They do not prove, therefore, that his decision was or would have been affirmed by the court, nor consequently, that it can be justly regarded as the act of the com’t. That a writ of error will lie upon the decision of a judge at chambers, is a proposition which, even in these days of innovation, perhaps confusion, is startling from its novelty, yet it is certain, that it is upon the sole ground of an error committed by a judge at chambers, that we are now asked to reverse the judgment of the court. Whether a single judge acting at chambers is a court within the meaning of the act of congress, is a question that we shall not touch, but, assuredly, he is not the court whose judgment we are required to examine, and have alone the power to reverse.
We have not given, nor do we mean to give any opinion whatever, as to the construction of those provisions in the act of congress, upon which-the counsel for the plaintiff in error relied, as proving that the jurisdiction of the court below had ceased previous to the rendition of its judgment. Our decision proceeds upon the sole ground, that the question of jurisdiction does not arise and cannot be decided upon the record before us, and in making it, we are solely governed by the rules of our own municipal law.
The judgment of the common pleas is affirmed with costs.