THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error, *v.* TIMOTHY CASEY, Plaintiff in Error.

A writ of error for review in this court only reaches to, and brings before it, errors in the record.

After conviction and sentence of the plaintiff in error in a Court of Sessions, a motion for a new trial was made under the act of 1859 (§ 4, chap. 339, Laws of 1859), which was denied; he obtained a writ of error and writ of *certiorari* from the Supreme Court, the record and all the papers and proceedings on the motion for new trial were returned to the Supreme Court, where the judgment of the Court of Sessions was affirmed. Plaintiff in error then obtained a writ of error returnable to this court. *Held,* that the writ did not bring up for review the proceedings on motion for a new trial, as they formed no part of the record.

The indictment charged the prisoner with an assault with a "knife, pistol, slung-shot, billy and club, * * * the same being then and there a sharp, dangerous weapon, with intent to do bodily harm, without justifiable or excusable cause." It was claimed on behalf of the prisoner that this indictment was void, for duplicity in charging two distinct offenses in one count; one under the act of 1854 (chap. 74, Laws of 1854), to wit: an assault with "a sharp, dangerous weapon," and one under the act of 1866 (§ 1, chap. 716, Laws of 1866), to wit: the use against another person of a "slung-shot, billy," etc. *Held,* untenable; that the indictment was simply for an assault, under the act of 1854; that it was immaterial that some of the weapons named in the indictment could

not well be "sharp," within the meaning of the act, as they were all alleged so to be, and whether the instrument used was "sharp" was matter to be proved on the trial; that it was sufficient to sustain the indictment that one of the instruments alleged to have been used was sharp, and was one named in the statute.

The court was requested by the prisoner's counsel to charge, that "if the jury can satisfactorily account for the wound on O'Brien's (the complainant's) head in any other manner than by an assault by the prisoner with such a weapon as is named in the indictment, it is their duty to acquit the prisoner." The court refused so to charge, but charged that in that event they might convict of simple assault and battery. *Held,* no error.

Upon the trial the prisoner was a witness in his own behalf, and the counsel for the people upon cross-examination was permitted to question him as to other altercations in which he had been engaged, and other assaults committed by him. *Held,* no error.

Where, upon a criminal trial, the prisoner offers himself as a witness in his own behalf, he is subject to the same rules upon cross-examination as any other witness; he may be asked questions disclosing his past life and conduct, and thus impairing his credit, although tending to show he has before been guilty of the same crime for which he is upon trial.

The extent to which such an examination may go to test the witness' credibility is largely in the discretion of the trial court.

The objection cannot be entertained here that there was no evidence which warranted the conviction, where there is no exception in the record which raises it.

(Argued January 24, 1878; decided Februry 5, 1878.)

ERROR to the General Term of the Supreme Court in the third judicial department, to review judgment affirming a judgment of the Court of Sessions of the county of Rensselaer, entered upon a verdict finding the plaintiff in error "guilty of the felony whereof he was charged" in the indictment. The body of the indictment was as follows:

"That Timothy Casey, late of the city of Troy, in the county of Rensselaer aforesaid, on the 10th day of May, in the year of our Lord 1877, with force and arms, at the city and county aforesaid, in and upon the body of John H. O'Brien, in the peace of the said people then and there being, feloniously did make an assault on him, the said John H. O'Brien, with a certain knife, pistol, slung-shot, billy and club, which the said Timothy Casey then and there had and held, the same being

then and there a sharp, dangerous weapon, wilfully and feloniously, and without justifiable and excusable cause, did then and there beat, strike, stab, cut and wound, with intent to then and there wilfully and feloniously do bodily harm unto him, the said John H. O'Brien, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity."

The facts sufficiently appear in the opinion.

*R. A. Parmenter*, for plaintiff in error. The court erred in allowing the prisoner to be questioned on cross-examination as to previous altercations between him and other persons. (*Coleman* v. *People*, 55 N. Y., 81; *Coffer-man* v. *People*, 56 id., 591; *Wayman* v. *People*, 11 Sup. Ct. R., 511; *People* v. *Justices*, 18 id., 158.) The indictment was fatal for duplicity and repugnancy, because it charged in one count two independent felonies. (Chap. 74, Laws, 1854; chap. 716, Laws, 1866; *People* v. *Wright*, 9 Wend., 193; *Read* v. *People*, 1 Park, 481, 489; *Dawson* v. *People*, 25 N. Y., 399, 402.) A conviction under the act of 1854 (chap. 74) could not be sustained when not made with a knife, dirk or dagger, unless the weapon was sharp as well as dangerous. (*Filkins* v. *People*. 4 Weekly Dig., 380; *Slatterly* v. *People*, 58 N. Y., 356; *Foster* v. *People*, 50 id., 604; *Dawson* v. *People*, 25 id., 399; *People* v. *Hickey*, 18 Sup. Ct. R., 361.)

*Melville Smith*, for defendants in error. The questions to the prisoner as to previous altercations were properly allowed. (*Fralich* v. *People*, 65 Barb., 48; *Allen* v. *Bodine*, 6 id., 383.) Concealing instruments of violence raises a presumption of their dangerous character. (1 Arch. Cr. Pr. and Pl., 134, note 1; 1 Stark's Ev., 29, 32.) Whether the evidence was sufficient to show that the weapon used was sharp or dangerous, or whether the prisoner intended to do bodily harm with such a weapon, was a question of fact.

(*Nelson* v. *People*, 23 N. Y., 298.) The motion for a new trial, under the act of 1862, and the order denying it are not reviewable in this court. (*Gaffney* v. *People*, 50 N. Y., 416; *People* v. *Dalton*, 15 Wend., 581.) The court did not err in refusing a new trial on the ground of newly discovered evidence. (*People* v. *N. Y. Sup. Ct.*, 10 Wend., 285; *Porter* v. *Talcott*, 1 Cow., 359; 1 G. & W. on New Trials, 463; 3 id., 1021, 1069.)

Earl, J. The prisoner was indicted under the act (chap. 74 of the Laws of 1854) for an assault with a " certain knife, pistol, slung-shot, billy and club," a sharp dangerous weapon, with intent to do bodily harm. That act provides, that " any person who, with intent to do bodily harm, and without justifiable or excusable cause, shall hereafter commit any assault upon the person of another with any knife, dirk, dagger or other sharp dangerous weapon" shall, upon conviction, be punished by imprisonment in a State prison for a term not more than five years, or by imprisonment in the county prison for a term not exceeding one year. The defendant was found guilty and sentenced to the State prison for a term of five years. Some days after the sentence the prisoner, upon the indictment and upon the evidence and proceedings in the trial, and upon affidavits, moved the court for a new trial upon the merits, and upon the ground of surprise and newly discovered evidence, and also upon the ground that the sentence and conviction were erroneous, illegal, excessive and against the evidence and the weight of evidence. This motion was made under chapter 339 of the Laws of 1859, the fourth section of which provides, that the " Courts of Sessions of the several counties in this State shall have power to grant new trials upon the merits, or for irregularity, or on the ground of newly discovered evidence in all cases tried before them." The motion was denied. The prisoner then obtained a writ of error and a writ of *certiorari* from the Supreme Court, addressed to the Court of Sessions, and the record and all the papers and proceedings upon the motion

for a new trial were returned to the Supreme Court, and there the judgment of the Sessions was affirmed. The prisoner then obtained a writ of error returnable to this court.

The writ of *certiorari*, if it performed any office at all, only brought the proceedings upon the motion for a new trial before the Supreme Court for review; its office ended there. The writ of error for review in this court does not bring those proceedings before us. They are no part of the record, which consists of the indictment, bill of exceptions and judgment; they are subsequent to judgment, and the papers in them are on the files of the court, but form no part of the record, and such papers are not brought before us upon writ of error. That reaches only to errors in the record. (1 Bish. on Cr. Pro., § 1196; 2 R. S., 741, § 20; *Willis* v. *People*, 32 N. Y., 715; *Gaffney* v. *People*, 50 id., 416.) It is needful for us, therefore, only to consider such allegations of error as are founded upon the record. It is contended that the indictment is fatally defective for duplicity in charging in one court two distinct offenses; one under the law of 1854, and another under the act, chapter 716 of the Laws of 1866. Section one of the latter act provides, that "every person who shall within this State use, or attempt to use, or with intent to use against any other person, shall knowingly and secretly conceal on his person, or with like intent shall wilfully and furtively possess any instrument or weapon of the kind commonly known as slung-shot, billy, sand-club or metal-knuckles, and any dirt or dagger (not contained as a blade of a pocket-knife), or sword-cane or air-gun, shall be deemed guilty of felony, and on conviction thereof may be punished by imprisonment in the State prison or penitentiary or county jail, for a term not more than one year." It will be seen by comparing the two acts that this indictment is under the first one. It alleges that the instrument used was "sharp, dangerous;" that the assault was made with intent "to do bodily harm," and that it was "without justifiable or excusable cause." These allegations were all necessary under the first act, but not under the last. It matters not that some

of the instruments alleged in the indictment could not very
well be sharp, within the meaning of the act; but they were
all alleged to be sharp, and whether the instrument used was
sharp or not was matter to be proved as alleged upon the
trial. It is sufficient to uphold the indictment that at least
one of the instruments alleged to have been used is one com-
monly known as sharp, and one of those mentioned in the
statute. The case was fairly submitted to the jury by the
trial court. They were charged that they could not convict
the prisoner, under the act of 1854, unless they found the
instrument used was sharp and dangerous.

The prisoner's counsel requested the court to charge that
"if the jury can satisfactorily account for the wound on
O'Brien's head in any other manner than by an assault by
the prisoner with such a weapon as is named in the indict-
ment, it is their duty to acquit the prisoner." This was
refused, and the court charged that, in that event, they
might or not convict of simple assault and battery. In this
there was no error. It is not disputed that there could,
under this indictment, have been a conviction for a simple
assault and battery. In an indictment for assault and bat-
tery it is not necessary to specify any instrument with which
the crime was committed (Archb. Crim. Pl. & Pr. [10th
Lond. ed.], 441); and if the instrument be specified it is
mere surplusage which may be disregarded, and need not be
proved upon the trial. Hence, the prisoner could have been
convicted of a simple assault and battery, even if the jury
had found that he did not use either of the instruments speci-
fied in the indictment.

Upon the trial the prisoner was a witness in his own behalf,
and it is now complained that the counsel for the people,
upon cross-examination, was permitted to question him as to
other altercations in which he had been engaged, and other
assaults which he had committed. This complaint is not
well-founded. When a prisoner offers himself as a witness,
in his own behalf, he is subject to the same rules upon cross-
examination as any other witness. He may be asked ques-

tions disclosing his past life and conduct, and thus impairing his credibility. Such questions may tend to show that he has before been guilty of the same crime as that for which he is upon trial; but they are not on that account incompetent. When he offers himself as a witness, and seeks to take the benefit of the statute which authorizes him to testify in his own behalf, he takes the hazard of such questions. He must determine, before he offers himself, whether his examination will benefit or injure him. The extent to which such an examination may go to test the witnesses' credibility is largely in the discretion of the trial court. (*Allen* v. *Bodine*, 6 Barb., 383; *Fralich* v. *People*, 65 id., 48; *Real* v. *People*, 42 N. Y., 270.)

There is no exception in the record which raises the objection that there was no evidence which warranted the conviction, and we cannot, therefore, entertain it. (*People* v. *Dalton*, 15 Wend., 581; *Gaffney* v. *People, supra.*) As the record is made up, there is certainly very little, if any, evidence that the assault was made with a sharp instrument. The jury found that it was. The prisoner made a motion for a new trial, which was denied. It appears to be quite clear that the assault was made with some blunt instrument; but it is the misfortune of the prisoner that no objection was made or exception taken which will enable us to consider this matter. The bill of exceptions is only required to contain so much of the evidence given as is pertinent to the exceptions taken, and it would not be proper for a court of review upon writ of error, upon the assumption that all the evidence is returned, to assume the power to pass upon the merits. The indictment, conviction and sentence should probably have been under the act of 1866, but the defendant must apply for relief to the executive department of the government. There is no error upon which we can base any relief, and the conviction must be affirmed.

All concur, except ALLEN and MILLER, JJ., dissenting upon ground of error in admission of evidence.

Judgment affirmed.