WILLIAM RYAN, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Chap.* 390 *of* 1879 — *did not deprive Courts of General Sessions of jurisdiction over pending indictments* — *Cross-examination of a witness* — *questions tending to degrade him* — *Irresponsive answer,* '*stricken out* — *Efforts of a prisoner to avoid arrest* — *proof of, admissible.*

Chapter 390 of 1879, providing that Courts of Special Sessions "shall, in addition to the powers now possessed by them, have also exclusive jurisdiction, in the first instance, to hear and determine" certain offences, did not deprive a Court of General Sessions of jurisdiction to try an indictment for one of said offences, pending in it at the time of the passage of the said act.

One of the prisoner's witnesses was asked, on cross-examination, if he had been indicted for assault and battery. An objection thereto was made by the prisoner's counsel and overruled by the court. *Held,* no error.

Where a witness adds to his answer an expression of his opinion, not responsive to the question, it may be properly stricken out on the motion of the party putting it.

The prisoner may be asked, on cross-examination, whether he made any effort to keep out of the way of the sheriff, as attempts, to escape or to avoid arrest, are some evidence of a guilty conscience.

WRIT OF ERROR to the Court of Sessions of the county of Ulster, to review the conviction and sentence of the plaintiff in error of assault and battery.

*F. L. Westbrook*, for the plaintiff in error.

*A. T. Clearwater*, district attorney, for The People.

LEARNED, P. J.:

It is not necessary, for the purposes of this case, to decide whether or not chapter 390 of the Laws of 1879 is constitutional.

The language of the first section is, that Courts of Special Sessions "shall, in addition to the powers now possessed, have also exclusive jurisdiction," etc. The use of the phrase, "in addition to," and of the word "also," indicates that the primary object was to extend the jurisdiction to other classes of cases, rather than to deprive another court of a jurisdiction which it possessed, to try an indictment then pending therein. The decision in *Gardner* v. *The People* (62 N. Y., 299), where, in a statute similar to this, the word "exclusive" was held not to deprive the Court of General Sessions of the power to try indictments, seems to apply to this case. We think, therefore, that the Court of Sessions had jurisdiction to try this indictment.

On a cross-examination of one of the prisoner's witnesses, the Peoples' counsel asked him if he had been indicted for assault and battery. The prisoner objected, and the court overruled the objection and the prisoner excepted. The point here presented does not involve the right of the prisoner, when himself a witness, as in *People* v. *Brown* (72 N. Y., 571). Nor does it involve the right of a witness to refuse to answer, when the answer will degrade him. The only point is, whether an objection, on the part of the prisoner, to a question of this kind, if overruled,

is a ground of error. We think not. The extent to which inquiry shall be made as to the past life of a witness, with a view to show to the jury who and what he is, must be, to a great extent, a matter of discretion. (*Real* v. *People*, 42 N. Y., 270.) And this, too, even when the prisoner is the witness. (*Brandon* v. *People*, 42 N. Y., 265; *Connors* v. *People*, 50 id., 240; *Southworth* v. *Bennett*, 58 id., 659.)

Cases illustrating the rule that the admission of such evidence is no error are *Maine* v. *People* (9 Hun, 113); *Vaughn* v. *Westover* (2 id., 43); *Stokes* v. *People* (53 N. Y., 164); *Russell* v. *St. Nicholas Fire* (51 id., 643); *Allen* v. *Bodine* (6 Barb., 383).

The counsel for the prisoner insists that the finding of the indictment might be used to affect the character of the witness, though the indictment were afterwards quashed, or he were acquitted on the merits. The answer to this is, that the witness may always explain.

The witness, Hallihan, when asked a question, added to his answer an expression of his opinion. This was not responsive, and was properly stricken out on the motion of the district attorney. A witness has no right to thrust into a case improper evidence, which is not responsive to the question asked.

The prisoner, when cross-examined as a witness, was asked whether he made an effort to keep out of the way of the sheriff. Attempts to escape, or to avoid arrest, may be proved, as some evidence of a guilty conscience.

We see no error in the trial. The conviction and judgment must be affirmed.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and conviction affirmed.