THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK McCORMACK, Appellant.

*Court of Appeals, October* 28, 1892.

*Witness. Party.*—A defendant in a criminal action, who offers himself as a witness, is subject to the same rules of examination as apply to other witnesses.

Appeal from judgment of the supreme court, general term, first department, affirming judgment of conviction of manslaughter in the first degree, entered in the court of general sessions.

*Seaman Miller*, for appellant.

*Henry B. B. Stapler,* assistant district attorney, for respondents.

EARL, Ch. J.—The defendant was indicted in the general sessions of the city and county of New York for murder in the first degree, and was upon his trial convicted of manslaughter in the first degree. After the verdict and before judgment thereon he moved for a new trial, which was denied. After the entry of the judgment he appealed therefrom to the general term of the supreme court, where his conviction was affirmed, and then he appealed to this court. The appeal brings before us only questions of law raised by exceptions taken upon the trial to the rulings of the trial judge. Code Crim. Pro. § 519.

Our attention is called to but one exception, and that was taken to the ruling of the trial judge overruling defendant's objection to the following question: " Is it not a fact that in the month of September, 1890, two months or about prior to Gillespie's death, in a saloon known as the Manhattan, in Chatham Square, that you drew a pistol on two disreputable women and threatened to shoot them, and didn't Rowe, the bartender, draw a revolver, and pointing it at you, did he not say, drop that pistol or I will blow your damned brains out? " The defendant had been examined as a witness on his own behalf, and this question was put to him by the prosecution on his cross-examination. The defendant having made himself a witness was subject to the same rules of examination as any other witness and the question was competent to affect his credibility. People *v.* Casey, 72 N. Y. 393; People *v.* Irving, 95 Id. 541.

The judgment should be affirmed.

All concur.