DEVINE v. THE STATE OF IOWA.

A warrant of arrest in a criminal case, which follows substantially the form given in the Code, is legally sufficient.

An information that follows the statute in every essential requisite, is sufficient.

Where the caption and a part of the first count of an information, read as follows:

"The State of Iowa v. John Devine.  Before William C. Smith, Justice of the Peace, in and for the county of Benton: The defendant is accused of the crime of selling intoxicating liquors, contrary to law.  1. For that the defendant, on the 28th day of January, A. D. 1857, by himself for himself, in Vinton, county and state aforesaid;" and where the sixth count, (on

which defendant was convicted,) averred,· " that said defendant on the 29th day of January, A. D. 1857, at the place aforesaid," &c.; *Held*, That the venue was sufficiently laid in the information.

Where an information was subscribed and sworn to as follows: " The state of Iowa, Benton county:—I, James L. Pauly, being duly sworn, depose and say, that I believe the matters and things set forth in the above and foregoing information, are true," which was signed by the deponent, and to which the jurat of a· justice of the peace was attached ; *Held*, That the information was properly subscribed and sworn to.

When the law speaks of selling intoxicating liquors, directly or indirectly, or on any pretence, or by any device, it is only designed to *describe* different methods of committing the same offence ; and it is not necessary that an information should state in what method the selling was accomplished.

Whether the person charged, has sold intoxicating liquors, directly or indirectly, or by whatsoever pretence or device, it is still the same offence ; and the law in no sense treats the different means made use of to effect a sale, as constituting a different offence, nor yet as a different species of the same offence.

Where an information charged, that "the defendant did, by himself, for himself, sell intoxicating liquor, viz: whiskey," &c.; *Held*, That the offence was sufficiently charged in the information.

Where in a prosecution for selling intoxicating liquor, the defendant asked the prosecuting witness, on cross-examination, the following question: "State whether you went to the defendant, when you bought the bottle of liquor, to which you testify in your examination in chief, for the purpose of procuring evidence against him for selling intoxicating liquor?" which was objected to, and the objection sustained; *Held*, That the objection was properly sustained.

## *Error to the Benton District Court.*

INFORMATION before a justice of the peace, charging the defendant with having sold intoxicating liquors to divers persons therein named. A motion was made to quash the warrant of arrest, and a demurrer filed to said information, both of which were overruled. Trial by jury, verdict of guilty, judgment thereon, and defendant appealed. In the District Court the judgment of the justice was affirmed, and defendant prosecutes this writ of error. For the facts in the case, see the opinion of the court.

*J. D. Templin* and *John Shane*, for the plaintiff in error.

*E. Humphreville* and *S. A. Rice*, (Attorney-General,) for the State.

WRIGHT, C. J.—The plaintiff in error, claims that the District Court should have reversed the judgment of the justice for the various errors assigned in his affidavit for appeal, and upon the case made by the return of the justice and the entire record. We therefore direct our attention to said affidavit, and so much of the proceedings before the justice as bear upon the question raised. And first, it is urged that the justice erred in overruling the motion to quash the warrant of arrest. So far, we are unable to see any ground whatever for this objection, so far as it relates to the warrant itself. It follows, substantially, and, indeed, almost literally, the form given in the Code, (§ 2827,) and is, therefore, legally sufficient. It is said, however, that it should have been quashed, because there was no information filed before the justice upon which said warrant could regularly issue. The determination of this question brings us to the consideration of said information, and we are thus brought to the inquiry, whether the demurrer filed before the justice to said information, was properly overruled.

And first, under this head, it is insisted that the venue is not sufficiently laid in said information. The defendant, by the information, is charged with selling liquor to six different persons. He was acquitted upon all the counts, except one, and it therefore only becomes material to inquire whether, in that count, the venue is well laid. The caption and part of the first count is as follows:

" *State of Iowa* v. *John Devine.* Before W. C. Smith, Justice of the Peace, in and for the county of Benton. The defendant is accused of the crime of selling intoxicating liquors, contrary to law. 1st. For that, on the 28th day of January, A. D. 1857, the said defendant, by himself, for himself, in Vinton county and state aforesaid," &c. In the sixth count, (the one upon which he was convicted,) it is averred, " that said defendant, on the 29th day of January, A. D. 1857, at the place aforesaid," did sell, &c. That this information lays the venue with sufficient certainty, we entertain no doubt. It follows the statute in every essential requisite in this respect, and more than this is not

required in the District Court; and we 'certainly shall not require greater particularity in proceedings commenced before a justice.

In the second place, it is insisted that the information was not subscribed and sworn to as required by the Code, § 3323. The exact point here made, it is somewhat difficult to understand. It appears that the complaint or information was made and presented by one Pauly. After charging the defendant with having sold liquor to the several persons therein named, we find at the close thereof, the following affidavit:

"*State of Iowa, Benton County.* I, James L. Pauly, being duly sworn, depose and say, that I believe the matters and things set forth in the above and foregoing information, are true.

JAMES L. PAULY.

"Subscribed and sworn to before me, this 30th day of January, A. D. 1857.

WM. C. SMITH, J. P."

As we understand the objection, it is that the informant should have subscribed his name at the close of the information, and not to what is termed the affidavit. The affidavit, however, is a part of the information, and when the complaining party affixes his signature to it, he subscribes to the information within the full meaning of the law.

The next objection made is, that the information does not state whether the defendant sold the liquor "directly or indirectly, or whether he did, on any pretence, or by any device, sell, or in consideration of the purchase of any property, give to the persons named the said intoxicating liquors." The charge in the sixth count of the information, as we have already seen, is that the said defendant, by himself, did, for himself, sell intoxicating liquors, viz: whiskey, to &c. The language of the law is, that "if any person by himself, his clerk, servant or agent, shall, for himself or any one else, directly or indirectly, or on any pretence, or by any device, sell, or in consideration of the purchase of any other property, give to any other person any intoxicating

liquor, he shall be deemed guilty of a misdemeanor," &c. Laws of 1855, 61, §. 6. Now, we suppose it to be sufficient to charge that the defendant did, on such a day, at a place named, sell intoxicating liquor, (naming it, if known,) to a certain person, (giving his name, if known,) and if so, much more clearly would the information be good, when, as in the case before us, it is averred that the defendant did, by himself and for himself, sell said liquor. When the law speaks of selling directly or indirectly, or on any pretence, or by any device, it is only designed to describe different methods of committing the same offence. And it is not necessary that the information should state in what method the selling was accomplished. Whether the person charged, has sold directly or indirectly, or by whatsoever pretence or device, it is still the same offence, and the law, in no sense, treats the different means made use of to effect a sale, as constituting a different offence, nor yet as a different species of the same offence.

We are next led to inquire whether the justice erred in refusing a certain question, propounded by the defendant, to be answered by the person to whom the information, in the sixth count thereof, charges the liquor to have been sold. It seems that he was asked the following question on his cross-examination: "State whether you went to the defendant, when you bought the bottle of liquor to which you testify in your examination in chief, for the purpose of procuring evidence against him for selling intoxicating liquor," which question was objected to by the attorney for the state, and the objection sustained. It is not claimed that the intention with which the witness bought the liquor, whether good or bad, would tend to change the legal character of the act of selling. But it is insisted that the question was proper, on the cross-examination, for the purpose of showing the feeling of the witness and the motives influencing his testimony. We, therefore, treat the inquiry as relating to a collateral fact, made with a view to discredit the witness. Under some circumstances, we can readily see that such a question would be pertinent. If it appeared,

for instance, that the person, under examination, was what is termed a willing witness; that he readily and easily remembered every circumstance tending to show defendant's guilt, and hesitated as to those matters which made in his favor, the court might well permit the inquiry attempted in this case. But if, on the other hand, he should appear to be an unwilling witness, the whole reason and object of such an inquiry would cease. And, therefore, it is most obvious that the right to make such an inquiry is, to a great extent, in the discretion of the court hearing the cause; and this court should be clearly satisfied that there has been an abuse of such discretion, before a new trial would be ordered. As was said in the case of *Allen* v. *Bodine*, 6 Barb. 383, " great latitude is sometimes permitted, where, from the temper and conduct of the witness, or other circumstances, such course seems essential to the discovery of truth. It is nearly impossible to lay down a rule on this subject, as the question is always a matter of discretion with the judge, to be decided by him upon all the circumstances appearing before him." In this case, there is nothing to show the temper or conduct of the witness, whether he was a willing or an unwilling one; nor whether he appeared to be friendly or unfriendly to the defendant. The presumption is, that there was no such circumstance as justified the proposed inquiry, and until the contrary is shown, we must conclude that the discretion lodged with the court trying the cause, was properly exercised.

Finally, it is urged that the testimony was not sufficient to justify the verdict. This testimony is spread out in the record, and without here setting it out, it is sufficient to say that we think the jury was fully justified in finding as it did. And, we may go further, and say that to our minds, it is somewhat difficult to understand why defendant, under the testimony, was not proved guilty under more than one count.

Judgment affirmed.