## The State of Iowa v. Cox.

1. APPLICATION FOR CONTINUANCE: DISCRETION. Applications for continuance are addressed to the sound discretion of the court, and this court will not interfere in the exercise of discretionary power unless it clearly appears that it has been abused.

2. ABUSE OF DISCRETION. The overruling of an application for a continuance, based upon the fact that the defendant was indicted at the term at which the application was made, and was not ready for trial, is not an abuse of such power.

3. WEIGHT OF EVIDENCE. The sufficiency of evidence introduced to corroborate that of an accomplice, must be determined by the jury and not by the court.

4. ERROR. This court will not consider an objection made to evidence offered in the trial below when the record does not disclose the ruling of the court thereon.

*Appeal from Henry District Court.*

TUESDAY, APRIL 10.

THE defendant was indicted for stealing horses, found guilty by the jury, and sentenced to an imprisonment of five years in the penitentiary. Motion for a new trial and in arrest of judgment filed, and overruled by the Court, from which ruling an appeal is taken to this Court.

*Clark and Doolittle* for the appellant.

*S. A. Rice,* Attorney General, for the State.

BALDWIN, J.—It is assigned that the court erred in refusing to sustain the motion of defendant for a continuance, and in compelling the defendant to submit to a new trial at the same term at which an indictment was found. The application for a continuance is based upon the affidavit of defendant, in which it is set forth that he expects to prove certain facts by witnesses therein named, tending to show his innocence of the offense charged, whose presence he was unable to procure at that term of the court. The District Attorney, admitted that if the witnesses named in the defend

ant's affidavit were present, they would testify as therein claimed, and demanded a trial in behalf of the State. The defendant then insisted upon a continuance for the reason that it was the first term of court since the indictment was found, and he was not ready for trial. The application was overruled by the court, trial was had, and defendant found guilty.

Applications for continuance are addressed to the sound discretion of the court, and this court will not interfere with the exercise of this discretionary power, unless it is fully apparent that such power has been abused. The District Court is in possession of all the facts and circumstances surrounding each case that is before it for adjudication, the facilities with which its process can be served and witnesses brought into its court, the ability of the party to procure counsel, the necessity for an immediate trial, and many other facts which do not ordinarily appear of record before this court; and for these and many other causes the law gives to the District Court a discretion which should not be interfered with, unless oppressively exercised.

The defendant in this cause, by the admissions of the State, was placed in possession of all the evidence which he claimed by his motion as necessary for his defense; and it does not appear that by a continuance the defendant would have been any better prepared at a future term of the court than at the one at which he was tried. We can not conclude there was any abuse of the power conferred upon the court in overruling the application for a continuance. It is urged by counsel for the appellant that the court should have granted a new trial, for the reason that the testimony of Shaffer, an accomplice in the offense charged against defendand, was uncorroborated by other testimony. It appears that other evidence was introduced, tending to support the evidence of Shaffer; as to the sufficiency of such evidence it was the province of the jury, not the court, to determine.

It is also claimed that the court erred in permitting improper testimony to go to the jury, and in giving and refus-

ing certain instructions. The State introduced a number of witnesses to impeach one Packard, a witness of defendant, each of whom testified that the character of Packard for truth and veracity was bad, and that they could not believe him under oath. It appears that the defendant objected to the evidence of the impeaching witnesses for the reason that they were not acquainted with the character of Packard in his immediate neighborhood. It does not appear, however, whether this objection was sustained or overruled by the court, and whether such evidence was excluded or permitted to go to the jury.

This court has carefully considered the ruling of the court below upon the instructions asked by defendant, and also those given by the court upon its own motion, and we can not perceive such error therein as would justify a reversal.

Judgment affirmed.