## THE STATE OF IOWA v. McGREW.

1. NUISANCE: PUNISHMENT.   Indictment under section 8 chapter 45 laws 1855, for creating and continuing a nuisance.   *Held* that the nuisance should be abated and the defendant tried and punished under chapter 150 of the Code of 1851.

*Appeal from Decatur District Court.*

SATURDAY, OCTOBER 6.

*George May* for the appellant.

*S. A. Rice*, Attorney General, for the State.

BALDWIN. J.—The defendant was indicted under section 8, chapter 45 of the Act of 1855, for using a building for the purpose of selling intoxicating liquors therein, thereby creating and continuing a nuisance.   To this indictment, defendant demurred, alleging as a cause for demurrer that there was no punishment fixed by said act for a violation of its provisions.   The demurrer was overruled and from this ruling defendant appeals.   The only question to be determined in this case is whether, under the provisions of said section 8, when a person has been found guilty, the court has the power to punish such guilty party.   By section 5 of said act the manufacturing of intoxicating liquors is prohibited.   Section 6 prohibits the sale thereof, and by section 7 the owning of liquors for the purposes of sale is prohibited.   Section 8 is based on the preceding sections 5, 6 and 7, and declares that in case of a violation of the provisions of either of the preceeding sections the building or erection of whatever kind, or the ground itself in or upon which such unlawful sale or manufacture, or keeping with intent to sell of any intoxicating liquor is carried on, or continued or exists, is hereby declared a nuisance, and may be abated as the law provides.   "And in addition to the penalties prescribed in said sections, whoever shall erect or establish or continue or use any building erection or

place for the purposes prohibited in said sections, shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly, *in the manner provided by law."*

It is under this section that defendant was indicted. The defendant when charged with having violated the provisions of this section is to be prosecuted and punished *in the manner provided by law.*

There is no manner provided by this act of 1855 for punishing this offence. We can not look to the common law for a "manner" of prosecution and punishment, for the reason that such an offence is not recognized by the common law. And also the Legislature having undertaken to legislate upon this subject, by legal intendment the common law is abrogated, so far at least as applicable to such cases. The language of this section must refer to some other provision of the law, and if this section can be construed in connection with any act of the Legislature so that it may be consistent therewith, it is the duty of the court to give to it such a construction. This principle is no less applicable in criminal than in civil cases.

The first question then, is, what did the law-making powers mean by this portion of said section? They certainly never intended to pass a law declaring certain acts a crime, and designedly omit to attach any penalty to those who were guilty under such acts. The act says that persons thus violating said sections shall be punished as in the manner provided by law. What law is referred to? There is no law relating to the punishment of nuisances excepting as provided in chapter 150 of the Code. This chapter is entitled "Nuisances and the abatement thereof." Sections 2759, 60 and 61 of said chapter declare what are nuisances. Section 2762 provides "that whoever is convicted of erecting, causing or continuing a public or common nuisance *as described in this chapter,* or at common law, when the same has not been modified or repealed by statute, where no other

punishment is specially provided, shall be punished by fine, &c."

It is submitted by the appellant, that under section 8 of the Act of 1855, there is no punishment fixed, unless it is in the manner provided by section 2762 of the Code; and that if the legislature intended that the guilty person, under section 8, should be punished as prescribed by the Code, that such intendment cannot apply, for the reason that the punishment prescribed in section 2762 can be applied only to those persons guilty of nuisances *as described in that chapter*.

We are of the opinion that when the Act of 1855 was passed, by every reasonable construction, it referred to chapter 150 of the Code. The Code, in said chapter, in the first, second and third sections thereof, declares fully what are nuisances; and the subsequent sections affix the penalty for such nuisances. The Act of 1855 enlarges the acts that constitute a nuisance as defined in said chapter. Sections 5, 6 and 7 of the Act of 1855, by virtue of section 8, are an enlargement of, or additional to, the acts declared nuisances in the Code, section 2759. And as the Act of 1855 and these sections of the Code are in *pari materia*, should be construed together and with reference to each other.

By so construing these acts, and as the Code has made the only provision for punishing and abating a nuisance, it is held, that that part of section 8 of the Acts of 1855, which declares "that such offences shall be punished in the manner provided by law," refers to the punishment prescribed by section 2762 of the Code.

Mr. Bishop, in speaking of the legal effect of subsequent statutes on prior ones and on the common law, says: "Every statute is what it imports, (when the contrary does not appear) an *addition* to the mass of pre-existing statutory and common law. Into this mass it falls, like a rain drop into the ocean, mingling with, influencing and being influenced by it, and forming, with it, one entire whole." Bish. Crim. Law, p. 76.

The 8th section of the act of 1855 is a mere addition to the first section of chapter 150 of the Code, leaving the subsequent sections of said chapter to apply as though section 8 had been originally incorporated into the first section of said chapter.

Judgment affirmed.