## THE STATE OF IOWA v. SCHILLING.

1. GRAND JURY: JURY YEAR. Under the Revision of 1860, the jury year commences on the 1st day of January, instead of the last day of July; (following *The State of Iowa* v. *Delong et al.*, 12 Iowa, 453).

2. JURISDICTION IN NUISANCE. The Grand Jury may take cognizance of the keeping of a nuisance and indict therefor; (following *The State of Iowa* v. *McGrew*, 11 Iowa, 112; *The State of Iowa* v. *Collins*, Id., 141.)

3. INDICTMENT FOR NUISANCE. Where an indictment charging a defendant with keeping a nuisance described the place as "a certain frame building under his control," it was held, that the description was sufficient; (following *The State of Iowa* v. *Kreig*, 13 Iowa, 462.)

4. SAME: ALLEGATIONS: SURPLUSAGE. Under § 1561 of the Revision of 1860 an allegation in an indictment for nuisance, that a certain building was used by two defendants as a place for the sale of intoxicating liquors, and

that they did then and there keep intoxicating liquors for sale in said building, without a further averment that such building was under their control, is sufficient; and where an indictment, after such a statement of the offense, averred that it was "under *his* control," without naming which of the two defendants was meant, it was held, that the unnecessary averment should be treated as surplusage, and that it did not vitiate.

5. SAME: TERMINATION. That an indictment does not have a formal termination will not vitiate, under § 4660, Revision of 1860.

6. SAME: TIME. It is not necessary that an indictment for nuisance should show that it was continued up to and existed at the time it was found, It is sufficient if it was committed at the time laid and within three years before the finding of the indictment.

7. GENUINENESS OF RECORDS. The District Court will take judicial notice of the genuineness of its own records.

8. WITNESS: INTERROGATORY. On the trial of an indictment for nuisance, a witness was asked by the prosecution, "What have you seen by the way of intoxicating liquors being sold between the first of July, 1860, and the 15th day of April, 1861, in that building?" it was held that the question was not objectionable as leading.

*Appeal from Henry District Court.*

MONDAY, JANUARY 12, 1863.

INDICTMENT—Nuisance. The offense is thus charged:

"The said John M. Schilling and David Twiggs, on the 1st day of July, A. D. 1860, and from that time until the finding of this indictment, at the county aforesaid, did then and there use a certain frame building, under his control, as a place for the sale of intoxicating liquors, and did then and there keep intoxicating liquors in said building with intent to sell said intoxicating liquors in said building, to the common nuisance of all of the people of said county, unlawfully." The second count charges "that the said John M. Schilling and David Twiggs, on the 1st day of January, A. D. 1860, at the county aforesaid, did then and there use a certain building under his control, as a place to sell intoxicating liquors in, and did there sell intoxicating liquors in said building to divers persons unlawfully con-

trary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Iowa."

The defendants moved to quash this indictment because it did not charge a public offense; did not sufficiently describe the house or place alleged to have been kept as a nuisance; that the indictment had no proper conclusion; that the District Court does not have original jurisdiction of the offense charged; that the offense is not charged as a common nuisance to all the people of the State of Iowa, &c. The defendants also moved the court to set aside the indictment, for the reason that the grand jurors by whom it was found were not selected "for the first term in the year in which they were required to serve, commencing after the last day in July," and "were selected February 13th, 1861, and now were selected for this (November, 1861) term of this court." Both motions were overruled by the court.

The venue was changed to Henry county. On the trial in the District Court of that county, certain questions touching the evidence arose, which are sufficiently stated in the opinion of the Court. The defendant (Schilling) was convicted and appeals.

*Clark & Doolittle* for the appellant.

*C. C. Nourse*, Attorney-General, for the State.

As to the organization of the grand jury, cited, *The State of Iowa* v. *Delong*, 12 Iowa, 453. As to the description of a house kept as a nuisance, *The State of Iowa* v. *Kreig*. As to the instructions, *The State of Iowa* v. *Rollett*, 6 Iowa, 535; *The Commonwealth* v. *Briggs*, 11 Met., 573.

WRIGHT, J.— I. The grand jury was properly organized and had authority to present this indictment. See *The State* v. *Delong*, 12 Iowa, 453. The two cases in this respect are in principle precisely similar.

II. Defendants were indicted for keeping a nuisance. That the offense was cognizable by a grand jury, see *The State* v. *McGrew*, 11 Iowa, 112; *Same* v. *Collins*, Id., 141.

III. That the place where the unlawful sale of the liquors was carried on was described with sufficient particularity and definiteness, see *The State* v. *Kreig*, 13 Iowa, 462. In this respect the two indictments are the same.

IV. An allegation, under section 1561 of the Revision of 1860, that a certain building was used by defendants as a place for the sale of intoxicating liquors, and that they did then and there keep intoxicating liquors for sale in said building, with intent, &c., is suffiicient, without the further averment that said building was under their control. And, therefore, after such statement of the facts constituting the offense, an averment that the same was under "*his* control" without naming which, may be rejected as surplusage and will not vitiate. And especially so, when the testimony abundantly and conclusively shows that the house was kept and controlled by one of the defendants, who alone was convicted. The common understanding, from the language used, shows that the pleader intended to charge that both defendants kept and used the building for the prohibited purpose, and this is sufficient. Revision of 1860, §§ 4650, 4659.

V. The claimed defect upon the ground that one count of the indictment concludes "to the common nuisance of all the people of said county, unlawfully," is sufficiently answered by reference to § 4660 of the Revision of 1860.

VI. It is not necessary that the indictment should show that the nuisance was continued up to or existed at the time the same was found. If the offense was committed about the time laid and within three years before the finding of the indictment, it is sufficient. In this case, the testimony shows that the liquors were kept and sold within a few days, or weeks, at most, before the presentment was made.

The State of Iowa v. Schilling.

VII. A witness was introduced by the prosecution and objected to by defendants' counsel, upon the ground that "it does not appear, as he alleges, that he was examined before the grand jury, and his testimony reduced to writing, or that the minutes of the same were presented with the indictment to the Court." That the witness' name was indorsed upon the indictment, is not controverted. And the record contains what purports to be the minutes of his testimony, taken by the clerk of the Grand Jury and presented with the indictment to the cause. For what reason these minutes should not be received as genuine, we are not advised. There was no pretense that they were surreptitiously or otherwise improperly in the record, and we must presume that the Court below, taking judicial notice of its own records, had sufficient evidence of their verity, and held properly that the general allegation of counsel impeaching their genuineness was not sustained.

VIII. A witness was asked this question: "What have you seen by the way of intoxicating liquors being sold between the 1st day of July, 1860, to the 15th day of April, 1861, in that building?" This was objected to as leading, and the objection overruled. While the interrogatory is not framed in the most apt language, it is certainly not subject to the objection stated. It directs the attention of the witness, it is true, to a time, and this is not improper. But in no just sense can it be said to suggest the desired answer to the mind of the witness.

IX. Many objections were made to certain questions asked witnesses, and the answers thereto. None of them, however, demand, at our hands, from the views above expressed, specific discussion.

Affirmed.