## THE STATE OF IOWA v. INGALLS AND KING.

1. **Grand jury**: OBJECTION TO. An objection to the grand jury or to an individual juror, cannot be interposed by a defendant for any cause of challenge, after the jury has been sworn.

2. **Change of venue**: CONSTRUCTION OF STATUTE. Sections 4733 of the Revision of 1860, and 3272 of the Code of 1851, receive the same construction.

3. —— DISCRETION. The Supreme Court will not interfere with an order of the court below, refusing to change the venue of a cause, on an application alleging the prejudice of the judge as a ground therefor, when it is not clearly shown that the discretion vested in the court below has been abused.

4. —— When an application for a change of venue on the ground of the prejudice of the judge is founded upon conversations between the judge and the defendant, or upon other facts, of which other persons were cognizant, and the affidavits of such persons could have been obtained but were not produced in corroboration of the application, nor excuse shown for not producing the same, the omission will be considered strongly against the applicant.

State of Iowa v. Ingalls and King.

*Appeal from Mahaska District Court.*

MONDAY, JUNE 27.

INDICTMENT for nuisance.   The facts appear in the opinion of the Court.

*Seevers & Williams* for the appellants.

*C. C. Nourse,* Attorney-General, for the State.

WRIGHT, Ch. J.—I. Appellants urge certain objections to the selection and impanneling of the grand jury.   They
1. GRAND   were held to answer for a public offense within
JURY: Objection to.   the meaning of § 4611 of the Revision, and their objections were interposed after the indictment was found. The excuse for not making it before is found in an affidavit that defendants were ignorant of the alleged irregularities or defects.

The Revision, like the Code of 1857, declares that an objection to the grand jury, or an individual juror, cannot be interposed by a defendant, for any cause of challenge, after the jury are sworn. (§ 4619.) For a construction of this section see the following cases; *Dutell* v. *The State,* 4 G. Greene, 125; *Norris' House* v. *Same*; 3 Id., 513; *Dixon* v. *Same,* 3 Iowa, 416; *State* v. *Hinkle,* 6 Id., 380. Assuming, therefore, that the defects were such as would have availed defendants if presented at the proper time (which is by no means admitted), we conclude that the objection was taken too late, and was properly overruled. That they were ignorant of the matters upon which they rely, at the time of forming the grand jury, we give but little weight, as it is quite manifest, that they might have possessed themselves of the requisite knowledge, by the use of ordinary care and diligence.

II. But the point most relied on is the overruling of their

motion for a change of venue. They were indicted for "causing a nuisance" (in keeping a house or place for the sale of intoxicating liquors, in the manner prohibited by law), and in their affidavit they aver

2. CHANGE OF VENUE: construction, etc.

that they cannot receive a fair and impartial trial, owing to the prejudice of the Hon. WM. LOGHRIDGE, judge of said Court. They then proceed to allege their grounds for the belief of the existence of prejudice in the mind of said judge, as follows: That two years prior a personal quarrel took place between one of said defendants and said judge, in which words of crimination and recrimination were mutually used; the said judge threatening to "close out the institution," because, as he charged, liquor was sold at said establishment, to a relative of his, keeping him in a state of intoxication; that said judge (then being upon the bench), went to the owner of the building and told him that he had better get said defendant (*Ingalls*—King is his clerk), out of there, as he would hold the said building responsible at the next term of court." It is also stated that the said judge, in conversation with one McCoy in the presence of Hand, in March, 1863, when speaking of defendants having bought this building for a billiard saloon, further stated that he would have defendants' saloon cleared out in a few days after it started; that it would not last long; that he would have the city marshal clear it out in a short time; that the defendant thought no one would trouble him, but he was mistaken; and, finally, it is averred that on the 20th of December, 1863, one Adams was intoxicated, and was making an indecent exposure of his person, near the "billiard saloon," and eating house of defendants; that the said judge saw him and went to the sheriff and told him to "have said Adams arrested;" that he was arrested accordingly, and in order to be released from confinement he made affidavit that he had purchased intoxicating liquors of said defendants, upon which they were

held to answer the offense for which they are now indicted.

The question now before us is, whether we can find that the court below erred in refusing the change of venue. The law is that the court "in the exercise of a sound discretion must decide the matter of the petition when fully advised according to the very right of it." Rev., § 4733. This language is substantially the same as that used in the Code of 1851, § 3272, and under which the cases of *Gordon* v. *The State of Iowa*, 3 Iowa, 411; and *State of Iowa* v. *Barrett*, 8 Id., 539, were decided. Indeed, it has been expressly held that the two sections are to receive the same construction. *State* v. *Arnold*, 12 Id., 479. And, as is held in all these cases, we cannot interfere with the discretion vested in the court below, unless it is clearly shown to have been improperly exercised.

This case differs from those cited, in the single fact, that the petition undertakes to set out the facts or circumstances upon which the belief of prejudice is founded.

3. —— Discretion. But when the whole case is seen, does it clearly appear that the court did not "in the exercise of a sound discretion," "decide the matter according to the very right of it?" It must be remembered that the court below was acting under a solemn oath, to administer justice according to law, equally to all persons, without fear, favor, affection, or hope of reward, and that the presumption that this obligation would be sacredly observed, would not be overcome by the mere belief whether properly or improperly founded, of prejudice, in the mind of an uneasy and anxious suitor. The judge stands, or is presumed to stand, indifferent between the parties. By law he is compelled to pass upon the question of presence or absence of prejudice in his own heart. This he does, necessarily impressed with the delicacy of his position and the responsibilities resting upon him. Where the offense charged is grave and serious in

its character, involving it may be the life of the prisoner, prudence and a high sense of duty of course would properly dictate the granting of such a prayer, where it would be as properly refused if the offense was a misdemeanor, and the punishment comparatively light. All these circumstances must be considered in arriving at a just and discreet conclusion. And the case comes to us with the presumption that this discretion has been thus wisely exercised, that he has been duly impressed with the responsibility resting upon him; that he has under his solemn oath decided according to the very right of the matter.

And while indulging in these presumptions, it by no means follows that cases might not arise when we would feel called upon to interfere. But we certainly should be most reluctant to do so in a case of this character where the application is based upon the unsupported affidavit of the petitioner, however minutely he might state the facts forming the basis for his belief. One reason for this conclusion may be stated: The petition refers to several conversations or facts of which third persons were cognizant. If the alleged declarations were made, "the affidavit could certainly have been supported" by the testimony of the persons to whom they were made, or those hearing them (*State of Iowa* v. *Mooney*, 10 Iowa, 501); and the absence of such corroboration without excuse shown, is certainly to be taken very strongly against appellants. Under such circumstances we cannot say that the court erred in refusing the application, and the judgment below will therefore stand.

Affirmed.